IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| United States of America | ) |
| | ) Cr. No. 2:19-259 |
| vs. | ) |
| | ) |
| Jennifer S. Godin, | )   **ORDER AND OPINION** |
| | ) |
| Defendant. | ) |
| _____ | ) |

On August 4, 2020, Defendant Jennifer S. Godin filed a pro se motion to expedite or in the alternative to transfer to community confinement or home confinement pursuant to 18 U.S.C. §§ 3621 and 3624. The court is without jurisdiction to do so. As the United States Supreme Court has explained:

> When a court sentences a federal offender, the BOP has plenary control, subject to statutory constraints, over "the place of the prisoner's imprisonment," § 3621(b), and the treatment programs (if any) in which he may participate, §§ 3621(e), (f); § 3624(f). See also 28 CFR pt. 544 (2010) (BOP regulations for administering inmate educational, recreational, and vocational programs); 28 CFR pt. 550, subpart F (drug abuse treatment programs). A sentencing court can recommend that the BOP place an offender in a particular facility or program. See § 3582(a). But decisionmaking authority rests with the BOP.

Tapia v. United States, 564 U.S. 319, 331 (2011).

Defendant's motion to expedite or transfer to community confinement or home confinement (ECF No. 48) is **denied**.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

August 25, 2020